UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 18-85-DLB

LENARD HALL,                                                              PLAINTIFF

v.                        **MEMORANDUM OPINION AND ORDER**

MICHAEL BRAMMEL, *Individually*
*and In His Official Capacity as Solid Waste*
*Coordinator, Carter county, Kentucky,*                                   DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.   Introduction

This matter is before the Court upon Defendant Michael Brammell's Motion for Summary Judgment [Doc. No. 21]. The matter has been fully briefed by the parties [Doc. Nos. 21-1, 23 and 24]. For the reasons set forth below, the Court finds that summary judgment is not warranted as to the claims for false arrest and malicious prosecution against Brammell in his individual capacity but is appropriate as to all other claims.

## II.  Factual Background and Procedural History

One man's trash is another's treasure, not so in Carter County. Carter County Ordinance No. 04-35 prohibits the accumulation of trash on one's property. [Doc. No. 21-2]. This civil action arises from Plaintiff Lenard Hall's arrest and brief incarceration for violating that Ordinance.

The Ordinance provides that it is "unlawful for the owner, occupant, or person having control or management of any land within the county to permit a public nuisance

1

to develop or continue thereon." *Id.* §1.2. Included in the Ordinance's definition of "public nuisance" is the "accumulation of rubbish," which is defined as:

> Any accumulation on any premises of filth, refuse, trash, garbage, or other waste material which endangers the public health, welfare, or safety, or materially interferes with the peaceful enjoyment by owners or occupants of adjacent property because of the danger that it will catch or communicate fire, attract and/or propagate vermin, rodents or insects, or blow rubbish into any street, sidewalk, property of another.

*Id*. §1.2(B).

The Enforcement section of the Ordinance provides:

> **NOTIFICATION**:
> It **shall** be the duty of the Solid Waste Coordinator **to serve or cause to be served notice** upon the owner or occupant of any premises on which there is kept or maintained any nuisance in violation of the provisions of this ordianace and to demand the abatement of the nuisance within fourteen (14) days of said notice.

*Id*. § 9 (emphasis added).

The next section of the Ordinance sets forth the consequences of non-compliance:

> If **the person so served** does not abate the nuisance within fourteen (14) days, the County may proceed to abate such nuisance, keeping an account of the expense of the abatement, and such abatement shall be charged and paid by such owner or occupant.

*Id*. § 11 (emphasis added).

If no payment is made within thirty (30) days, the County may file a lien against the property. *Id.*

2

The "Penalties" portion of the Ordinance warns that any person who violates it "**may** be issued a citation by any police or other duly authorized law enforcement officer." *Id*. § 12 (emphasis added).

According to the Ordinance, its enforcement is the responsibility of the Solid Waste Coordinator. *Id*. §7. At all times pertinent to this lawsuit, Michael Brammell was the Solid Waste Coordinator for Carter County. [Deposition of Michael Brammell, Doc. No. 29, p.3]. His job, as he described it, is to "oversee the garbage collection in Carter County and property owners to make sure they keep their property clean." *Id.* Brammell has no office staff or co-workers; he is a "one-man department." *Id.* at p. 4.

Prior to March 2, 2018, Brammell received "several complaints" about trash accumulating at a residence at 39 North State Highway 207 in Carter County. *Id.* at p. 29. The property is owned by Lenard Hall, who, at that time, had leased it to Wendell Coffee. [Deposition of Lenard Hall, Doc. No. 28, pp 6-8].

In response to the complaints, on March 2, 2018, Brammell went to the subject property and observed "quite a bit of garbage" in the yard. [Doc. No. 29, p. 4]. Pursuant to the Ordinance, he prepared a Notice of Violation and mailed the same, via United States Postal Service, to the address. [Notice of Violation, Doc. No. 21-6 and Doc. No. 29, pp. 5, 7]. The Notice references the Ordinance and states that the accumulation of rubbish, junk and discarded items must be moved within fourteen (14) days. [Doc. No. 21-6]. The Notice further states that if corrective action is not taken within the time allowed, "a summons / citation shall be issued for you to appear before the Carter County District Court." *Id.*

This Notice was returned to Brammell by the post office. *Id.* at pp.6-8. The record does not contain testimony from Wendell Coffee. Therefore, the Court cannot assume that he received or did not receive the Notice.

Brammell then determined, through property records, that the owner of the property, Lenard Hall, did not reside there, but, rather, lived in Greenup County. *Id*. at p. 7. He corrected the address and re-sent the Notice to Hall. [*Id*. at pp.8-9]. Hall denies receiving either Notice. [Doc. No. 28, p. 45 and Plaintiff's Answers to Interrogatories, Docket No. 21-7, pp. 3-4].

Brammell testified that on March 28, 2018 the trash had not been removed and he filed a Criminal Complaint with the Carter County Attorney against Hall for violation of the Ordinance [Doc. No. 29, pp.13-14, Criminal Complaint, Docket No. 21-9]. The next day, Assistant Carter County Attorney Jason Greer recommended that a criminal summons be issued to Hall. [Affidavit of Carter County Attorney Brian Bayes, Doc. No. 21-11, ¶ 6]. On March 29, 2018, Carter County District Court Judge Rupert H. Wilhoit, III issued a warrant for Hall's arrest. [*Id*. at ¶ 7, Warrant of Arrest, Docket No. 21-12]. The warrant was executed by Greenup County Sherriff Deputy Brett Ritchie and Hall was arrested on April 7, 2018. [Citation, Doc. No. 21-13]. Hall was detained at the Greenup County Jail for six hours. [Doc. No. 28, p. 28]. The charge against him was ultimately dismissed on June 20, 2018. *See Commonwealth v. Lenard Hall*, Carter County District Court, Case No. 18-M-0097.

Shortly thereafter Hall filed this lawsuit against Michael Brammell, in his official capacity as Solid Waste Coordinator for Carter County as well as in his individual capacity. [Doc. No. 1]. In his Complaint he alleges claims pursuant to 42 U.S.C. § 1983

for false arrest, violation of his procedural due process rights, and violation of his substantive due process rights as well as a claim under Kentucky law for malicious prosecution. Defendant seeks summary judgment as to all claims alleged.

### III. Analysis

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The burden to show that there are no genuine issues of material fact falls on the parties seeking summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This Court will consider the evidence in the light most favorable to the non-moving parties, drawing all justifiable inferences in their favor. *Id*. The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law. *Id*. at 251-52, 106 S.Ct. 2505.

### A. Claims against Brammell individually

Brammell argues that he is immune from suit in his induvial capacity. In support of his argument, he relies upon the doctrine of qualified immunity. The doctrine of qualified immunity insulates state actors from liability in close-call situations. *See Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). It protects government actors performing discretionary functions from liability for civil damages only when their

conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Qualified immunity is an affirmative defense. Once raised, "the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013).

The qualified immunity defense may be raised at any stage of the case. When it is raised in a motion for summary judgment, as here, courts must weave the summary judgment standard into each step of the qualified immunity analysis. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). In other words, the court must view the facts in the light most favorable to the plaintiff. "In qualified immunity cases, this usually means adopting ... the plaintiff's version of the facts." *Id.* at 550 U.S. at 378, 127 S.Ct. 1769.

### i. Factual issues preclude summary judgment as to Hall's claims for false arrest and malicious prosecution.

Both false arrest and malicious prosecution turn on whether Brammell's actions were reasonable, i.e. did he have probable cause.[1] "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. McClain,* 444 F.3d 556, 562 (6th Cir.2005). Probable cause is established by the facts and circumstances leading to the arrest. *Miller v. Sanilac County*, 606 F.3d 240, 248. Determining probable cause requires an examination of the

---

[1] False arrest requires proof of lack of probable cause. *See generally, Sykes v. Anderson*, 625 F.3d 294. Malicious prosecution takes a claim for false arrest one step further, requiring proof of not only lack of probably cause but that also that the Defendant influenced or participated in the erroneous prosecution. *Id.* Although the claims are distinct, the factual predicates overlap.

reasonableness of the officer's actions and beliefs. *Id*. Common sense is not to be ignored. *Florida v. Harris*, 568 U.S. 237, 244, 133 S.Ct. 1050, 185 L.Ed.2d 261 (2013).

In this case, the officer, Brammell sought to enforce the Ordinance. The Ordinance clearly states that he is to serve Notice of a violation upon the owner or occupant of the property and allow for abatement.

Hall does not dispute that he owns the subject property or that the conditions thereupon violated the Ordinance. He does, however, dispute that he was notified of the violation and given an opportunity to clean up. He testified that his arrest was the first notice he had that he was in violation of the Ordinance. Indeed, at the very moment of his arrest, he did not know why he was being arrested. If Hall is to be believed, his arrest was not reasonable.

Brammell, on the other hand, testified that he sent the Notice to Hall's address. While he did not have a full recollection as to the precise date upon he which he sent the Notice nor did he take steps to confirm its receipt, he says he sent it.

Fortunately for Hall and unfortunately for movant Brammell, this is a classic case of he said, he said. Was the Notice sent? Was it received? A jury could reasonably believe either party. "[W]here the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *McKenna v. Edgell*, 617 F.3d 432, 437 (6th Cir. 2010)). As such, summary judgment is inappropriate.

In his reply in support of his motion, Brammell insists that no notice was required. He maintains that the Ordinance provides "two distinct tracks" of enforcement. The first "track" allows one to be charged for violation only after notice is served and after one has

7

had a fourteen (14) day period in which to take corrective action. [Doc. No. 21-2, §§ 9, 11]. The second "track" allows for a citation by law enforcement without any notice or opportunity to abate. *Id.* § 12. According to Brammell, whether Hall was notified is irrelevant.

The Court is not inclined to accept Brammell's expansive reading of the Ordinance. Section 9 the Ordinance plainly states that the Solid Waste Coordinator "shall" "serve notice" of the violation. Section 11 refers to the person "so served [with Notice]. Brammell's argument that notice is not required deprives the Ordinance of its clear meaning. As for the Penalties provision, it is cast in the permissive "may" and does not state that it is an alternative to the enforcement procedures set forth in the Ordinance.

With the issue of notice in dispute, Brammell is not entitled judgment at this juncture. Upon a motion for summary judgment, a judge is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *See Browning v. Levy,* 283 F.3d 761 (6th Cir. 2005). In this case, there is a factual dispute which belongs to a jury, thereby precluding summary judgment as to Hall's claims for false arrest and malicious prosecution.

As for Brammell's Hail Mary argument that the actions of Carter District Court Judge Wilhoit relieve him of liability and provide a proper basis upon which to grant summary judgment, it misses the mark. There are factual issues as to the course of events which culminated in the issuance of a warrant and Hall's brief incarceration.

Given the existence of material facts in dispute and the necessity of credibility determinations, Brammell is not entitled to qualified immunity and summary judgment is not warranted. *See Gardenshire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000)

("[S]ummary judgment would not be appropriate if there is a factual dispute (*i.e.,* a genuine issue of material fact) involving an issue on which the question of immunity turns….").

> ii. **Hall has abandoned his claims for violations of procedural and substantive due process.**

In his response to Brammell's dispositive motion, Hall does not address his claims for lack of procedural and substantive due process. A plaintiff is deemed to have abandoned a claim where he fails to address it in response to a motion for summary judgment. *See Hicks v. Concorde Career Coll.,* 449 Fed.Appx. 484, 487 (6th Cir.2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin,* 178 Fed.Appx. 522, 524–25 (6th Cir.2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.,* 65 Fed.Appx. 19, 24–25 (6th Cir.2003).

Therefore, summary judgment as to these claims is appropriate.

### B. Claims against Brammell in his Official Capacity

Again, Hall offers no meaningful argument in this regard in response to Brammell's motion. He has not carried his burden in opposing summary judgment.

### IV. Conclusion

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** that --

(1) Defendant Michael Brammell's Motion for Summary Judgment [Doc. No. 21] is hereby **OVERRULED** as it pertains to the claims for false arrest and malicious prosecution against him individually;

(2) Defendant Michael Brammell's Motion for Summary Judgment [Doc. No. 21] is hereby **SUSTAINED** as to all other claims; and

(3) This matter is scheduled for a **Status Conference** on **December 12, 2019 at 9:00 a.m. in Ashland**.

This 19th day of November, 2019.

Signed By:
*David L. Bunning*　DB
United States District Judge